# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 96-30201
(Summary Calendar)

LYNDA BABINEAUX, Individually
　　and as natural tutrix on behalf of
　　Donyelle Babineaux,

Plaintiff-Appellant,

versus

FORD MOTOR COMPANY, ET AL.,

Defendants,

ASSOCIATES FINANCIAL SERVICES
COMPANY INCORPORATED,

Defendant-Appellee.

Appeal from United States District Court
for the Western District of Louisiana
(94-CV-1557)

August 7, 1996
Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

In this tort action, Lynda Babineaux, individually and on behalf of her minor daughter, Donyelle Babineaux, appeals the district court's judgment granting the defendant's motion for summary judgment. Mrs. Babineaux claims that a ruling by the Office of Worker's Compensation does not have preclusive effect on a separately filed tort action. For the following reasons, we affirm the judgment of the district court.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

**FACTS**

Donald R. Babineaux, the husband of Lynda Babineaux and the father of Donyelle Babineaux, died of a heart attack on December 20, 1990 while employed by defendant Associates Financial Services Company, Inc. located in Opelousas, Louisiana. He died while in the course and scope of his employment. Mrs. Babineaux filed an action with the Louisiana Office of Worker's Compensation to recover benefits for Mr. Babineaux's death because the enormous work load and pressures from Mr. Babineaux's supervisors caused extraordinary and unusual work stress which triggered his fatal heart attack. After a trial, the administrative law judge ruled in Mrs. Babineaux's favor. Associates Financial appealed to the Louisiana Third Circuit Court of Appeal. Before the appellate process was completed, the parties agreed to a settlement, executed release documents, and filed a joint motion to dismiss the appeal with prejudice.

Shortly after the releases were filed, Mrs. Babineaux filed a tort action in state court alleging that Associates Financial placed Mr. Babineaux under undue mental work stress, which caused his death. The tort of mental work stress is not covered by the Louisiana worker's compensation statute. Associates Financial removed the action to federal district court based upon diversity grounds and filed a motion for summary judgment. Associates Financial alleged that issue preclusion barred Mrs. Babineaux's action. The district court granted the motion. Mrs. Babineaux timely appealed.

**DISCUSSION**

Mrs. Babineaux argues that the statement in the release indicating that "[a]cceptance of this settlement is not an admission of liability" somehow preserves her right to pursue, in other forums, new theories of recovery against Associates Financial. Associates Financial responds that the issue of whether the Babineaux's claims arising from Mr. Babineaux's death are covered by the Louisiana

worker's compensation statute have already been decided in the affirmative, precluding relitigation of this issue.

We review a grant of summary judgment under the parameters established by rule 56 of the Federal Rules of Civil Procedure. Summary judgment shall be granted if the record, taken as a whole, "together with the affidavits, if any, show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56. We review the district court's summary judgment de novo. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

The issue before the court is a legal one: whether a compromised worker's compensation claim, which was ruled upon by a Louisiana administrative law judge, has preclusive effect on later-filed tort proceedings arising under the same facts and involving the same parties. Because this is a diversity action, the issue of preclusion is governed by Louisiana law, namely the Louisiana worker's compensation statute. See Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Section 23:1032 of the Louisiana Revised Statutes limits an employee's actions against his employer for claims arising during the course and course of employment. Section 23:1032(A)(1)(a) provides in pertinent part as follows:

> Except for intentional acts . . . the rights and remedies herein granted to an employee or his dependant on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this chapter, *shall be exclusive of all other rights, remedies, and claims for damages. . .*

(Emphasis added). Louisiana law prohibits relitigating issues when the same parties are before the court. See La. Rev. Stat. § 13:4231. Issue preclusion applies to an action filed after January 1, 1991 when (1) the same parties are involved, (2) the issue was actually litigated, (3) the issue was essential

3

to the judgment, and (4) the judgment obtained was valid and final. See id. Because it is not disputed that the same parties are involved in both actions, we will proceed to analyze the remaining three elements.

We find that Mrs. Babineaux actually litigated the issue of whether the worker's compensation statute made worker's compensation benefits their exclusive remedy for Mr. Babineaux's death. The purpose of the action filed in the Office of Worker's Compensation was to litigate the Babineauxs' entitlement to recover worker's compensation benefits for Mr. Babineaux's death. A trial was held to evaluate the entitlement issue. A judgment on the entitlement issue necessarily answered the question of whether worker's compensation barred recovery of other remedies. Finding that Mr. Babineaux's death was work-related allowed the Babineauxs to recover the benefits requested. Under the wording of section 23:1032, this finding then made worker's compensation the Babineauxs' only available remedy. Affirmative pleading and litigation at trial of the worker's compensation issue is sufficient to satisfy the "actually litigated" element.

For similar reasons, we find that the worker's compensation issue was essential to the judgment. The issue presented to the ALJ of the Office of Worker's Compensation was whether Mr. Babineaux's death was caused by work-related stress. The fact that the ALJ ruled in Mrs. Babineaux's favor presumes that the ALJ concluded that the worker's compensation statute applied to all non-intentional claims arising from Mr. Babineaux's death. The ALJ could not decide the entitlement issue disjunctively from the applicability issue. The applicability determination was essential to the judgment; therefore, this element is satisfied.

Finally, we agree with Associates Financial that the ALJ judgment was valid and final. The Louisiana statutes expressly characterize judgments from worker's compensation actions as final

4

judgments. See La. Rev. Stat. § 23:1317(B) (explaining that the judgment has the same force and effect as a judgment of the district court). Here, the ALJ's ruling completely disposed of all claims presented. The ALJ's judgment, therefore, became final when the delay for appealing the judgment expired. See Serrate v. Serrate, 472 So. 2d 137, 139 (La. App. 5th Cir. 1985); and Coleman v. Comm'n on Ethics for Public Employees, 439 So. 2d 451, 452 (La. App. 1st Cir. 1993). When a judgment is not appealed or when the appeal is not completed, the judgment is presumed to be valid and the judgment acquires the authority of a thing adjudged. See Fust v. Fontenelle, 558 So. 2d 715, 718 (La. App. 4th Cir. 1990). Further, neither the settlement, see In re Memorial Hosp. of Iowa County, Inc., 862 F.2d 1299, 1301 (7th Cir. 1988), nor the motion to dismiss the appeal, see Kacher v. May, 484 U.S. 72, 82-83 (1987), destroys the preclusive effect of the ALJ's judgment in this case. Louisiana and Fifth Circuit jurisprudence confirm that settlement and dismissal of a controversy precludes subsequent legal proceedings. See Mar-Len of Louisiana, Inc., 624 So. 2d 967, 967 (La. App. 3d Cir. 1993); and In Matter of West Texas Marketing Corp., 12 F.3d 497, 502 (5th Cir. 1994).[1] Accordingly, the "valid and final" element is satisfied.

We reject Mrs. Babineaux's assertion that the statement regarding "no admission of liability" preserves her right to bring the tort action against Associates Financial. It has been determined by the Office of Worker's Compensation that her exclusive remedy is worker's compensation. She already has recovered these benefits via a settlement executed after she received the worker's compensation ruling in her favor. The ruling establishing her entitlement to receive benefits for her husband's work-related death rests on the implicit determination that worker's compensation covers

---

[1]Mar-Len and West Texas Marketing both discussed preclusion in the context of res judicata. Nonetheless, we find them to be persuasive authority because issue preclusion and res judicata often occur simultaneously.

5

her claims and exists as her only remedy. Mrs. Babineaux cannot summon Associates Financial back into court to relitigate the issue of whether worker's compensation is her exclusive remedy. We hold that the ALJ's judgment regarding her entitlement to worker's compensation benefits has preclusive effect barring Mrs. Babineaux's tort action even though the parties settled the prior case before completion of the appeal of the ALJ's judgment.[2]

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[2]Our decision regarding the preclusion issue makes the concerns of the Louisiana Supreme Court in <u>Charles v. Travelers Ins. Co.</u>, 627 So. 2d 1366 (La. 1993), inapplicable to the facts of this case. We need not discuss the hypothetical existence of a tort action where there has not been a ruling allowing recovery of benefits for a work-related heart attack; issue preclusion has occurred under the present facts. Similarly, our holding obviates the need to address the merits of the other grounds raised by Associates Financial to affirm summary judgment rendered in their favor.